ECKROTE v. MYERS.

1. **Attorney**: RELATION TO CLIENT. While an attorney is not permitted to acquire property in the exercise of bad faith toward his client, yet the attempt of the latter to defraud him of reasonable compensation will authorize him to sever the relation and act for his own protection.

2. ———: RULE APPLIED: TAX SALE. Where the client refused for four years to pay the attorney for fees and reimburse him for expenses incurred in an action to foreclose a mortgage, and the mortgaged land was afterwards purchased by the attorney at tax sale, the client being informed of the sale and failing to pay the amount thus advanced: *Held*, that the client would not be permitted, seven years thereafter, to maintain an action to set aside the tax deed.

*Appeal from Mahaska District Court.*

THURSDAY, OCT. 7.

ACTION in chancery to set aside a tax title held by defendant on certain lands, against which plaintiff holds a decree foreclosing a mortgage, and for an accounting between the parties. There was a trial upon the merits and a decree was entered dismissing plaintiff's petition; he now appeals to this court.

*Seevers & Cutts*, for appellant.

The relation of attorney and client will prevent the former from purchasing an outstanding title that affected property about which he had been consulted, or mortgaged to secure a debt he had been employed to collect, unless such purchase, at the election of the client, inured to his benefit. (*Smith v. Brotherstine*, 62 Pa. St., 469.) Professional confidence continues after the relation of attorney and client has ceased, to the extent of preventing the attorney from using information he has obtained in that relation. (*Henry v. Raiman*, 25 Pa. St., 358.) A purchase by an attorney at a tax sale of property mortgaged to secure notes sent him for collection, constitutes him a trustee of the owner respecting such property. (Perry on Trusts, § 24, 79; 2 Story's Eq. Jur., § 980.) An attorney cannot make a bargain for himself, at the expense of his client, in respect to any transactions growing out of the relation of attorney and client, beyond the amount of a just and fair remuneration for his services. (Kerr on Fraud and Mistake, 163; *Gray v. Emmons*, 7 Mich., 533; *Brock v. Barnes*, 40 Barb., 521; *Giddings v. Eastman*, 5 Paige, 561.) The recording of a deed is constructive notice only to those who are bound to search for it. (*Maul v. Rider*, 59 Pa. St., 167.) The possession and title of the trustee is deemed the possession and title of the beneficiary and the former cannot set up an adverse title any more than can a tenant against his landlord. (*Willison v. Watkins*, 3 Peters, 48; *Walden et al. v. Bradley et al.*, 14 Peters, 162.) In cases of this kind between

trustee and *cestui que trust* the statute of limitations interposes no bar. (Perry on Trusts, § 863; *Cotton v. Wood*, 25 Iowa, 46.) The only exception to this rule exists where there has been a repudiation of the trust brought home to the party, so as to require him to act as upon a clearly asserted adverse title. (*Merriam v. Hassam*, 14 Allen, 522; Bigelow on Estoppel, 413; *Decouch v. Savetier*, 3 Johns. Ch., 190; *Provost v. Gratz*, 6 Wheat., 481; *Goodrich v. Pendleton*, 3 Johns. Ch., 389.) The trust must be openly and avowedly repudiated before the statute will begin to run. (*Page v. Hughes*, 2 B. Mon., 439; *Zeller's Lessee v. Eckert*, 4 How., 295; *Smith v. Richards*, 52 Mo., 81; *Oliver v. Piatt*, 3 How., 411.) There must be what amounts to an adverse possession or assertion of right before the statute begins to run. (*Roberts v. Roberts*, 7 Bush, 104.) The record of a deed is constructive notice only when the deed is, or constitutes, a link in the chain of title. No one is bound to take notice of the record of a deed made by a stranger to the title, even when it is accompanied by possession. (*Litton v. Hunter*, 24 Maine, 34; *Bates v. Norcross*, 14 Pick., 230; *Lily v. Wolf*, 10 Ohio, 83; *Blake v. Graham*, 6 Ohio St., 580; *Lightney v. Mooney*, 10 Watts, 412; *Keller v. Nutz*, 5 S. & R, 252; *Crockett v. Maguire*, 10 Mo., 34.)

*Lafferty & Johnson*, for appellee.

The plaintiff having had knowledge of the acts constituting the alleged fraud for more than five years, the action is barred. (Rev., § 2740; *Baldwin v. Tuttle*, 23 Iowa, 66.) The repayment of all taxes paid by defendant is a condition precedent to an action assailing the validity of a tax title. (Rev., § 784; West. Jur., Vol. 7, pp. 42, 43.) One who loses his title by legal bar has no remedy in equity. (*Kane v. Bloodgood*, 7 Johns. Ch., 117.) This is an implied or constructive trust and to that the statute applies. (7 Johns. Ch., 89; 20 Johns. 576; 2 Bouvier's Law Dec., 615.) Defendant could not be held to be a trustee until plaintiff had ratified his acts and paid his advances, and the failure to do so constitutes a waiver

of whatever right he may have possessed. (Perry on Trusts, 230–1; *Graham v. Davidson*, 5 Watts, 451; 2 Washburne on Real Prop , 449; *Jameson v. Hapgood*, 7 Pick , 8; *Mitchell v. Berry*, 1 Met. (Ky.), 619; *Folanshee v. Kilbreth*, 17 Ill., 522; *Wall v. Pettibone*, 11 Ohio, 57; *Jones v. Smith*, 33 Miss., 215; *Hawley v. Cramer*, 4 Cowan, 740.) Acquiescence for a length of time after a party has knowledge of his rights and is in situation to enforce them will prevent him from obtaining relief in a court of equity. (*Hawley v. Cramer*, 4 Cowan, 740; 15 Mass., 317.) The case at bar could not be a resulting trust, as no funds of the alleged *cestui que trust* ever entered into the land. (4 Kent's Com. 306; 1 Hillard on Real Prop., chap. 23, § 4; *Lloyd & Johnson v. Spillet*, 2 Atkins, 250.)

BECK, J. A law firm, of which defendant was a member, received for collection certain notes owned by plaintiff and secured by a mortgage upon lands. This was in 1860. They instituted proceedings promptly, and within proper time recovered a decree of foreclosure. They kept defendant informed of the progress of the business and advised him that they found it necessary to advance money for fees in the prosecution of the action, for which they often demanded of defendant that he should reimburse them. No response was made to these demands. After the decree was entered they advised plaintiff of the fact, and informed him the sale therein would not be had until the amount of fees which would accrue in the sale should be sent them. They also demanded payment for sums already advanced.

In 1863, the land being offered for sale for taxes, the attorneys bid it in, of which they advised plaintiff and demanded to be reimbursed for the amount of this outlay, together with prior advances. It was bid in by the attorneys to prevent the title passing into the hands of others. No response was made to these frequent demands for money justly due the attorneys. In 1865 defendant, having taken an assignment of the tax certificate from his associates, received a treasurer's deed for the land. No execution was issued upon the decree for the

reason that fees and expenses which would accrue upon the sale were not provided by plaintiff, and he made no payment of advances made by the attorneys, or the amount due them for their services. Thus the matter remained until 1872, when this suit was commenced. The facts stated appear in the record, and are undisputed. Plaintiff asks that the tax title held by defendant be set aside, and that there be an accounting, and the amount found due him for advances be determined, which plaintiff proposes to pay.

There can be no dispute as to the obligation of an attorney to protect the interest and rights of his client in matters pertaining to his employment. The rules upon this subject, as heretofore announced by this court, and which prevail in the books, we would not disregard nor abate anything therefrom. He is bound to the utmost good faith while the relation of attorney and client exists, and can take no advantage of that relation to advance his own interests. Property acquired by him by means of this relation he holds as trustee of his client; and any bad faith in the discharge of his duty cannot work prejudice to the rights of his client and enure to his benefit. Without stating more fully the obligations and rights existing between the client and attorney by virtue of their relation, we may say that we have no occasion or inclination either to abridge or limit them. But the attorney has rights as well as the client, and while he is bound to the exercise of good faith his client is not relieved therefrom—the same rules of honesty and fairness govern both. The client cannot take advantage of the relation existing between him and his attorney to wrong the one whose services he has engaged. The failure of the attorney to discharge his duty, or an attempt on his part to wrong the client, will authorize the latter to regard the relation as terminated and act accordingly. So the attempt of the client to defraud his attorney will authorize him to sever the relation and act for the protection of his own interest.

*1. ATTORNEY: relation to client.*

The attorney in this case for more than four years was urgent and persistent in his demands for the repayment of money which he had advanced. He

*2. ——: ——: tax sale: rule applied:*

advised his client that he had bought in the tax title, and demanded of him the money so advanced, but in no case received any response. Surely there should be a limit to forbearance in such a case. The attorney, after the lapse of three years from his last advance and demand for money, was justified in regarding his relation to his client severed by the negligence, if not bad faith, of the latter. He was authorized to presume that the client had abandoned him and the case, or was in bad faith acting with a view to avoid the payment of the amount justly due the attorney. Being authorized to treat the relation of client and attorney severed he could, in good faith without being responsible to his client, take a deed for the land under the purchase at the tax sale as he did. Seven years after the deed, and ten years after he should have paid the attorney the sums advanced, he awakes to a knowledge of his rights and insists upon enforcing obligations arising under a relation that his negligence or bad faith had years before severed. He does not come into chancery with clean hands; there is no equity in his case.

AFFIRMED.